**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **MARY REHDER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) **CAUSE NO. 1:22-cv-419** |
| | ) |
| **KMM CORPORATION, HAMID REZA** | ) |
| **MOJTAHEDI, and KIMBERLY M** | ) |
| **MOJTAHEDI,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Mary Rehder ("Rehder"), brings claims against Defendants, KMM

CORPORATION ("Company"), Hamid Reza Jojtahedi ("Hamid"), and Kimberly M. Mojtahedi

("Kim", or collectively "Defendants"), as follows:

## OVERVIEW

1.      This Complaint arises under the Fair Labor Standards Act ("FLSA") , 29 U.S.C.

§201 et. Seq. ("FLSA").  Rehder also alleges a violation of the Indiana Wage Payment Statute

("IWPS"), IC §22-2-5-2 et. al. and the Indiana Minimum Wage Law of 1965, IC §22-2-2-1 et.

al.

## PARTIES

2.      Rehder is an individual who, at all relevant times, worked in Dekalb County,

Indiana.  She was employed by Defendants within the meaning of the FLSA during the three-

year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Rehder was

an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).  Moreover, Rehder was an employee as defined by IWPS.

3.     Company is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).  Company owns and operates several bars, including Route 6 Bar & Grill in Butler, Indiana.  Alternatively, Rehder's work regularly involved commerce between states.  Moreover, Company is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint.  Defendant's business is incorporated in Noble County, Indiana.

4.     Hamid is the President/Owner of Company.  In this capacity, Hamid is involved in or has oversight for the day-to-day operations of the Company.  Hamid has the authority to make decisions regarding wage and hour issues policies and practices at his location.  At all relevant times, Hamid shared responsibility to act on behalf of, and in the interest of, Company in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Rehder.  As a result, Hamid is an "employer" within the meaning of 29 U.S.C. § 203(d).

5.     Kim is the Accountant/Owner of Company.  In this capacity, Kim is involved in or has oversight for the day-to-day operations of the Company.  Kim has the authority to make decisions regarding wage and hour issues policies and practices at his location.  At all relevant times, Kim shared responsibility to act on behalf of, and in the interest of, Company in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Rehder.  As a result, Kim is an "employer" within the meaning of 29 U.S.C. § 203(d).

6.      At all times hereinafter, Company has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1).

## JURISDICTION

7.      This Court has jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.  The Court has supplemental jurisdiction over Rehder's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

8.      Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in the Northern District of Indiana.

## FACTS

9.      Rehder was hired by Company in early 2022.  She worked as a bartender and cook (as needed).

10.      Rehder's positions of bartender and cook are non-exempt positions.  Moreover, Rehder was paid an hourly wage.

11.      Defendants failed to pay all wages owed to Rehder.

12.      Rehder would routinely work more than forty hours per week.  Defendants refused to pay Rehder for any hours she worked in a week beyond 40 hours.  As a result, Rehder was not paid either her hourly rate or an overtime rate for a substantial number of hours she worked.

13.      Company owns and operates bars/restaurants in at least two (2) states.

14.      Rehder has suffered financial harm as a result of Defendants' conduct.

3

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

15.    Rehder incorporates paragraphs 1 – 14 herein.

16.    During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the overtime wage requirements of the FLSA.

17.    Rehder was not paid at least time and one-half her regular rate for hours she worked in excess of forty (40) hours per week.

18.    Rehder was harmed by Defendants' unlawful willful and/or reckless conduct.

### COUNT II: VIOLATIONS OF THE INDIANA MINIMUM WAGE AND WAGE PAYMENT STATUTES

19.    Rehder incorporates paragraphs 1 – 18 herein.

20.    Rehder pleads her Indiana minimum wage law claims in the alternative.

21.    At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's minimum wage provisions by failing and refusing to pay Rehder at time and one-half for each worked in excess of forty per week.

22.    Defendants failed to pay Rehder all of the wages she earned during the last 2 weeks of her employment.

23.    Defendants conduct is willful, reckless, or indifferent to Rehder's rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in her favor and award her the following relief:

a.    An Order pursuant to Section 16(b) of the FLSA and/or the Indiana Minimum Wage Law finding Defendants liable for unpaid back wages due to Plaintiff in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b.    An order awarding Plaintiff unpaid wages and any applicable penalties under Federal and Indiana law, including laws that address untimely wage payments;

c.    An Order awarding Plaintiff the costs of this action;

d.    An Order awarding Plaintiff her attorney's fees;

e.    A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and/or Indiana law by failing to comply with the overtime wage requirements of the FLSA and Indiana law; and

f.    An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC

450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff