UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARY REHDER, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:22-cv-00419-HAB-SLC |
| KMM CORPORATION, *et al.*, | ) ) ) |
|     Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff Mary Rehder's motion to compel filed on June 17, 2023 (ECF 12), seeking to compel Defendants to fully respond to Plaintiff's outstanding written discovery requests served on March 24, 2023 (*id.* ¶ 4). Defendants have not filed a response to the motion, and their time to do so has passed. N.D. Ind. L.R. 7-1(d)(3)(A). For the following reasons, Plaintiff's motion to compel will be GRANTED.

*A. Procedural Background*

Plaintiff filed her complaint against Defendants on November 18, 2022, alleging violations of the Fair Labor Standards Act, the Indiana Wage Payment Statute, and the Indiana Minimum Wage Law. (ECF 1). On January 12, 2023, the Court conducted a preliminary pretrial conference, setting a discovery deadline of July 17, 2023. (ECF 10; ECF 11 at 1). On March 24, 2023, Plaintiff served Defendants with her interrogatories, requests for production, and requests for admission. (ECF 12 ¶ 4). Defendants served Plaintiff with their responses to the requests for admission on April 12, 2023. (*Id.* ¶ 5). On May 31, 2023, Defendants served responses to the requests for production and interrogatories. (*Id.* ¶ 6).

On June 17, 2023, Plaintiff filed the instant motion to compel, seeking (1) an order to compel Defendants to serve Plaintiff all "outstanding materials," (2) a continuation of the discovery deadline until August 17, 2023, for the sole purpose of conducting a forensic analysis of Defendants' time clock system, if any, and to conduct depositions, (3) recovery of attorney fees, and (4) any other relief the Court deems appropriate. (*Id.* ¶ 10). In her motion, Plaintiff contends the discovery responses she received from Defendants were "substantially deficient," as "[t]he few documents that were mailed were illegible; other documents promised to be produced have not been produced; and Defendant[s'] counsel – without input from his clients – answered the interrogatories and then produced unverified answers." (*Id.* ¶ 6; ECF 12-5 ¶¶ 12, 13).

Plaintiff further requests an extension of the discovery deadline solely for purposes of conducting depositions and for hiring a forensic expert and conducting an analysis on her time records, which she alleges appear to have been altered by one or more Defendants. (ECF 12 ¶¶ 9, 10). She states evidence relating to the falsification of her time records would be relevant to her allegations, but that she can only determine whether she needs to hire a forensic expert upon a review of the complete time records as they are currently illegible. (*Id.*; *see* ECF 12-6 at 2).

*B. Applicable Law*

"Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents." *See Redmond v. Leatherwood*, No. 06-C-1242, 2009 WL 212974, at *1 (E.D. Wis. Jan. 29, 2009) (citation omitted). Together with the motion to compel, a party must file "a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1(a); *see* Fed. R. Civ. P. 37(a)(1). "A motion to compel discovery

2

pursuant to Rule 37(a) is addressed to the sound discretion of the trial court." *Redmond*, 2009 WL 212974, at *1 (citation omitted).

*C. Discussion*

1. <u>Motion to Compel</u>

Plaintiff has adequately attempted to confer in good faith with Defendants in an effort to resolve this matter without Court action. (ECF 12-1 to 12-6); *see* Fed. R. Civ. P. 37(a)(1); N.D. Ind. L.R. 37-1(a). Defendants, however, appear to have, for the most part, ignored Plaintiff's counsel's attempts to resolve the discovery dispute. Further, Defendants did not file a response in opposition to the motion to compel, and their time to do so has passed. Consequently, on this record, the motion to compel is unopposed and will be GRANTED. *See Redmond*, 2009 WL 212974, at *1. Defendants must supplement their prior discovery responses with the responsive materials requested in Plaintiff's motion to compel on or before August 14, 2023, or risk the imposition of sanctions against them, up to and including monetary penalties and entry of a default judgment in Plaintiff's favor. Fed. R. Civ. P. 37.

2. <u>Attorney Fees</u>

In her motion to compel, Plaintiff requests an award of attorney fees pursuant to Rule 37, which presumptively requires the loser "to make good the victor's costs." *Rackemann v. LISNR, Inc.*, No. 1:17-cv-00624-MJD-TWP, 2018 WL 3328140, at *2 (S.D. Ind. July 6, 2018) (citation and internal quotation marks omitted). Rule 37(a) provides that the Court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion [to compel] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court, however, will not order the payment of fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery

without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *see also Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, No. 97 C 5696, 1999 WL 446691, at *1 (N.D. Ill. June 23, 1999). "The burden of persuasion is on the losing party to avoid assessment of expenses and fees, rather than on the winning party [to] obtain such an award." *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-CV-2077, 2008 WL 4330182, at *3 (C.D. Ill. Sept. 16, 2008) (citation omitted).

Here, there is no evidence indicating that Defendants' failure to respond to Plaintiff's motion to compel was "substantially justified." Nor have Defendants shown that there are special circumstances that would make an award of fees unjust. Consequently, at least on this record, an award of the attorney fees incurred by Plaintiff in preparing her motion to compel appears appropriate. Having said that, "the Court still must be satisfied that the amount requested in obtaining the order on the motion to compel is reasonable . . . ." *Priest v. Brummer*, No. 1:06-CV-65, 2007 WL 2904086, at *2 (N.D. Ind. Oct. 3, 2007) (citations omitted). Accordingly, Plaintiff's request for fees will be PROVISIONALLY GRANTED. Plaintiff will be directed to file an affidavit detailing the amount of fees she seeks to recover and how she arrived at that amount. Defendants will be permitted to file a response to Plaintiff's affidavit regarding the reasonableness of the amount of fees requested.

3. Discovery Deadline

Plaintiff further asks for a continuation of the discovery deadline from July 17, 2023, until August 17, 2023, for the sole purpose of allowing a forensic expert to evaluate Defendants' time clock system and to conduct depositions in this case.[1] Under Rule 16(b)(4), "[a] schedule

---

[1] Plaintiff also filed a motion to continue various deadlines on July 25, 2023, seeking an additional extension of the discovery deadline to September 18, 2023, and the extension of the dispositive motions deadline (referred to as the

may be modified only for good cause and with the judge's consent." Plaintiff has adequately alleged good cause for the extension. Plaintiff was diligent in seeking the necessary discovery and the delay in the discovery process is attributable to Defendants' lack of cooperation. Therefore, Plaintiff's request for an extension of the discovery deadline will be GRANTED.

*D. Conclusion*

For the foregoing reasons, Plaintiff's motion to compel (ECF 12) is GRANTED. Defendants are ORDERED to FULLY answer Plaintiff's requests for production and interrogatories by supplementing their prior discovery responses on or before August 14, 2023. Defendants are CAUTIONED that their failure to timely do so may result in sanctions, up to and including the imposition of monetary penalties and default judgment against them.

Further, Plaintiff is AFFORDED to and including August 14, 2023, to file an affidavit in support of attorney fees for litigating the motion to compel. Defendants are AFFORDED to and including August 28, 2023, to file a response to the fee affidavit concerning the reasonableness of the amount of attorney fees requested.

Finally, the discovery deadline will be extended to August 17, 2023, for the SOLE PURPOSE of performing a forensic analysis into Defendants' time clock system and to conduct depositions.

SO ORDERED. Entered this 31st day of July 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

"summary judgment" deadline) and the expert witness disclosure deadline to October 17, 2023. (ECF 13). The Court will reserve any ruling on the motion to continue until it becomes ripe.