UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MARY REHDER,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:22-cv-00419-HAB-SLC |
| **KMM CORPORATION,** *et al.*, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a fee affidavit (ECF 16-1) filed on August 15, 2023, by Plaintiff's attorney Christopher Wolcott ("Counsel") in response to the Court's July 31, 2023, Opinion and Order (ECF 14), provisionally granting Plaintiff's request for attorney fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). On August 28, 2023, Defendants filed a response in objection to Counsel's affidavit. (ECF 17). For the following reasons, the motion for fees will be GRANTED IN PART (ECF 16-1), and Defendants' objections (ECF 17) OVERRULED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 2023, Plaintiff filed a motion to compel discovery responses. (ECF 12). Defendants never filed a response, and thus, the Court granted the motion to compel. (ECF 14). In doing so, the Court directed Plaintiff to file "an affidavit detailing the amount of fees she seeks to recover and how she arrived at that amount" on or before August 14, 2023 (*Id.* at 4-5). On August 15, 2023, Plaintiff filed a motion for leave to belatedly file the fee affidavit and attached a copy of the fee affidavit. (ECF 16, 16-1). Defendants objected to the amount of the fee affidavit on August 28, 2023, but not to its untimeliness. (ECF 17). On August 30, 2023, the

Court granted Plaintiff's request to belatedly file the fee affidavit and deemed it timely filed. (ECF 18).

In the fee affidavit, Counsel explains that he has eighteen years of experience and that his hourly rate is $350. (ECF 16-1 ¶ 1). In total, he claims his fee amounts to $1,120 for 3.2 hours of billable work. (*Id.* ¶ 3). Defendants' objections, in turn, rest on the reasonableness of Counsel's hourly fee and the hours he spent on the motion to compel. (ECF 17). Plaintiff has not filed a reply, and her time to do so has passed. N.D. Ind. L.R. 7-1(d)(3). Thus, the motion is ripe for ruling.

## II. LEGAL STANDARD

Rule 37(a) governs the imposition of expenses and sanctions related to a motion to compel. It provides, in pertinent part:

> (a) Motion for an Order Compelling Disclosure or Discovery.
>
>> (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>> . . . .
>
>> (5) *Payment of Expenses; Protective Orders.*
>>
>>> (A) . . . If the motion is granted–or if the disclosure or requested discovery is provided after the motion was filed–the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>>>
>>>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>>>
>>>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a).

This Rule "presumptively requires every loser to make good the victor's costs." *Rickels v. City of S. Bend*, 33 F.3d 785, 786 (7th Cir. 1994) (citation omitted). Such fee-shifting "encourages . . . voluntary resolution" of discovery disputes and "curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.* at 787. Accordingly, "the loser pays" unless he establishes "that his position was substantially justified." *Id.* at 786-87.

"Reasonable attorney fees under Rule 37 are calculated using the 'lodestar' method, which is a reasonable hourly rate multiplied by the hours reasonably expended." *L.H.H. ex rel. Hernandez v. Horton*, No. 2:13-CV-452-PRC, 2015 WL 1057466, at *1 (N.D. Ind. Mar. 10, 2015). "A reasonable rate is one 'derived from the market rate for the services rendered.'" *Id.* (quoting *Pickett v. Sheridan Health Care Ctr.,* 664 F.3d 632, 640 (7th Cir. 2011)). "The Court must also determine whether an attorney's requested award is for hours reasonably spent." *Zimmer, Inc. v. Beamalloy Reconstructive Med. Prods., LLC*, No. 1:16-cv-00355-HAB-SLC, 2019 WL 2635944, at *4 (N.D. Ind. June 27, 2019). "Ultimately, the party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Bratton v. Thomas L. Firm, PC*, 943 F. Supp. 2d 897, 902 (N.D. Ind. 2013).

### III. ANALYSIS

*A. Hourly Rate*

Defendants first take issue with Counsel's proposed hourly rate of $350, which they argue is higher than the current rate of $300 in Fort Wayne, Indiana. (ECF 17 ¶ 2). They further

3

contend that Defendants' counsel, who practices in the same area of the law and who has thirty-seven years of experience, also charges an hourly rate of $300. (*Id.*).

While it is Plaintiff's burden to show the requested fees are reasonable, "where, as here, [an attorney] provide[s] the rates actually billed, the burden shifts to the party opposing the fee award to demonstrate why a lower rate should be awarded." *Zimmer, Inc.*, 2019 WL 2635944, at *7; *see also Davis v. Lakeside Motor Co.*, No. 3:10-CV-405 JD, 2014 WL 3341033, at *2 (N.D. Ind. July 7, 2014) ("The Court presumes that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate."). Defendants offer a quantum of evidence to show that Counsel's rate is unreasonable. First, they argue that the relevant community should be Fort Wayne, however, "the Seventh Circuit Court of Appeals has held that it is equally plausible to read 'community' as referring to a community of practitioners instead of, as the objecting Defendants suggest, a local market area." *Horton*, 2015 WL 1057466, at *2. Further, "even if 'community' means the local market, it is not as if [Counsel] is from some far-flung locale. Many litigants before this Court hire [Indianapolis] attorneys, who presumably charge [Indianapolis] rates." *Id.*; *Axis Ins. Co. v. Am. Specialty Ins. & Risk Servs., Inc.*, No. 119-cv-00165-DRL-SLC, 2022 WL 950604, at *4 (N.D. Ind. Mar. 30, 2022).

Second, even if Fort Wayne, Indiana, was the relevant community, Defendants do not indicate what the prevailing rates would be or whether they would be lower than Counsel's proposed rates. Defendants do not cite any authority to support the barebone statement that "the current rate for this type of case [in Fort Wayne] is $300.00." (*See* ECF 17 ¶ 2).[1]

---

[1] Defendants' only proposed evidence to support their argument is their own counsel's hourly rate. (*Id.*). While the Court is permitted to evaluate what "rates similarly experienced attorneys in the community charge paying clients for similar work," *Pickett*, 664 F.3d at 640 (citation omitted), "[o]nly if an attorney is unable to provide evidence of [his] actual billing rates should a district court look to other evidence," *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003) (citation omitted); *see Pickett*, 664 F.3d at 640 (hourly rates for "similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases" evaluated as the "next best evidence" when a Court has "difficulty [in] determining the

4

In any event, Counsel's requested fee is in line with those prevailing in the community. *See Struve v. Gardner*, No. 1:19-cv-04581-RLY-MJD, 2021 WL 1948868, at *2 (S.D. Ind. May 14, 2021) (finding rates ranging from $285 to $645 per hour reasonable); *Hutnick v. Express Ride Inc.*, No. 1:18-CV-03801-SEB-TAB, 2020 WL 2128571, at *4 (S.D. Ind. May 5, 2020) (concluding that an hourly rate of $350 is reasonable); *see also Davis*, 2014 WL 3341033, at *3 (finding a rate of $315 per hour reasonable).

In conclusion, Counsel has produced satisfactory evidence that his proposed hourly rate of $350 for billable work completed in 2023 is "in line with those prevailing in the community," *see Pickett*, 664 F.3d at 640 (citation omitted), and Defendants have not carried their burden of showing the Court otherwise.

*B. Hours Spent*

Defendants further object to the hours Counsel spent on drafting the motion to compel, including the time spent on drafting two Rule 37 letters, reviewing the case files, and preparing the motion to compel and associated filings. Rather, Defendants argue that Counsel should have spent a maximum of 2 hours or 2.2 hours on those tasks, especially given Counsel's eighteen years of experience.

Counsel spent 0.1 hour emailing Defendants' counsel, 0.6 hour reviewing the case file and drafting the first Rule 37 letter, 0.1 hour emailing Defendants' counsel regarding discovery, 0.5 hour drafting the second Rule 37 letter, and 1.9 hour reviewing the case file, preparing the motion to compel and associated filings, for a total of 3.2 hours. (ECF 16-1 ¶ 3). After reviewing the itemization of those fee entries, the Court is satisfied that the hours expended in obtaining the

---

hourly rate of an attorney who uses contingent fee agreements"). Counsel did not represent Plaintiff pursuant to a contingent fee agreement and he is able to provide evidence of his actual billing rates. Therefore, there is no reason to use Defendants' counsel's hourly rate or to depart from Counsel's presumed rates in the reasonableness analysis.

favorable ruling on the motion to compel is reasonable—with one exception. *See Chapel Ridge Invs., LLC v. Petland Leaseholding Co.*, No. 1:13-CV-146, 2015 WL 1349952, at *2 (N.D. Ind. Mar. 25, 2015). As to the time billed for preparing the Rule 37 letters and attempting to resolve the discovery dispute by email, "courts in the Seventh Circuit have recognized that these sorts of tasks are made necessary by the opposing party's failure to provide the requested discovery, and may be included in attorney fees." *Rackemann v. LISNR, Inc.*, No. 1:17-CV-00624-MJD-TWP, 2018 WL 3328140, at *6 (S.D. Ind. July 6, 2018). Further, Counsel reasonably billed just 1.9 hours for preparing the motion to compel, which totaled 5 pages excluding certifications of service and exhibits. *See Struve*, 2021 WL 1948868, at *3 ("[B]illing approximately one hour per page is not unreasonable on its face." (collecting cases)); *Buckley v. S.W.O.R.N. Prot. LLC*, No. 1:20-cv-00357-HAB-SLC, 2021 WL 5195722, at *4 (N.D. Ind. Nov. 9, 2021) (concluding time spent was reasonable when counsel billed 1.1 hours for preparing a Rule 37 letter, another 0.3 hour to follow up on that letter, 2 hours preparing a first motion to compel, and 2.5 hours preparing a second motion to compel). Additionally, "[Defendants] ha[ve] not suggested that any work performed by [Counsel] was not reasonably performed or was somehow excessive or redundant." *P.E.T.A., Inc. v. Wildlife in Need & Wildlife in Deed, Inc.*, No. 4:17-cv-0186-RLY-DML, 2020 WL 6888311, at *1 (S.D. Ind. Oct. 1, 2020).

      However, the Court cannot conclude that the 0.1 hour spent emailing Defendants' counsel on May 23, 2023, is recoverable. (ECF 16-1 ¶ 3). Counsel did not identify the subject matter of the email, and thus, there is no indication that the email was sufficiently related to Plaintiff's motion to compel. *See Smith v. Nexus RVs, LLC,* No. 3:17-CV-815 DRL, 2021 WL 5411078, at *4 (N.D. Ind. Nov. 19, 2021) ("The attorneys aren't required to record in great detail how each minute of their time was expended, but they should at least identify the general subject

matter of their time expenditures."). As such, the Court will reduce the time expended to obtain a favorable decision on the motion to compel by 0.1 hour, which corresponds to the time spent emailing Defendants' counsel on May 16, 2023, thereby totaling a reasonable time spent on the motion to compel of 3.1 hours.

Consequently, the resulting lodestar yields a reasonable fee amount of $1,085. *See, e.g., People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) (applying the lodestar approach); *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983). Defendants' cursory objections lack specificity and fail to cite any supporting materials or legal authority, and therefore, they are OVERRULED.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Counsel's requested fees (ECF 16-1) in the amount of $1,085 for attorney fees and OVERRULES Defendants' objections (ECF 17). Defendants are ORDERED to pay the $1,085 in attorney fees to Plaintiff within 30 days.

SO ORDERED.

Entered this 10th day of October 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge