UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARY REHDER | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-cv-00419-HAB ) |
| KMM CORPORATION, *et al.*, | ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Mary Rehder filed this case against her former employer and supervisors, alleging they violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Indiana Wage Payment Statute ("IWPS"), I.C. § 22-2-5-2, *et al.*, and the Indiana Minimum Wage Law of 1965 ("IMWL"), I.C. § 22-2-2-1, *et al.* (ECF 1). Due to Rehder's disregard for this Court's Orders and her apparent disinterest in pursuing her claims, the undersigned Magistrate Judge recommends that Rehder's claims be DISMISSED WITH PREJUDICE as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute under Federal Rule of Civil Procedure 41(b).

### I. FACTUAL AND PROCEDURAL BACKGROUND

This Report and Recommendation is based on the following facts and principles of law: Rehder, by counsel, filed this lawsuit against Defendants on November 18, 2022, pursuant to the FLSA, the IWPS, and the IMWL. (ECF 1). On November 21, 2023, pursuant to the parties' request for a settlement conference before a magistrate judge (ECF 24), Chief Judge Holly Brady referred this case to the undersigned Magistrate Judge for the purpose of conducting a settlement conference pursuant to 28 U.S.C. § 636(b) and Northern District of Indiana Local Rule 72-1

(ECF 26). Subsequently, the undersigned directed the parties to file a notice with the Court, advising of dates the parties would be available for a judicial settlement conference. (ECF 27). The parties filed their respective notices (ECF 28, 29), and the Court set the settlement conference on February 20, 2024, at 9:00am (ECF 30). The parties and their attorneys were directed to appear by video conference before the undersigned. (*Id.*).

At the February 20, 2024, settlement conference at 9:00am, Rehder's counsel, Defendant Hamid Reza Mojtahedi, and Defendants' counsel appeared, but Rehder failed to appear. (ECF 33). Rehder's counsel informed that his attempts to contact Rehder were unsuccessful. (*Id.*). Due to Rehder's failure to appear, the Court set a telephonic status conference for March 7, 2024, at 10:00am. (*Id.*). The Court also issued a Notice and Order, setting a show-cause hearing in addition to the telephonic status conference and ordering Rehder, her counsel, Defendants, and Defendants' counsel to appear telephonically. (ECF 34). Rehder was directed to show cause why she should not be sanctioned for her failure to appear at the February 20, 2024, settlement conference, and she was cautioned that her failure to appear at the hearing could result in sanctions, up to and including dismissal of her claims. (*Id.*). Rehder's counsel was also ordered to notify Rehder of the hearing via at least three modes of communication and to send the Notice and Order to Rehder. (*Id.*). On February 26, 2024, Rehder's counsel filed a notice with the Court, informing that he served the Notice and Order to Rehder by email and mail, and that he summarized the Notice and Order by text. (ECF 36).

At the March 7, 2024, show-cause hearing and status conference, Rehder's counsel, Defendant Hamid Reza Mojtahedi, and Defendants' counsel appeared, but Rehder did not. (ECF 37). Accordingly, the Court set the matter over for a show-cause hearing and a telephonic status conference on March 14, 2024, at 3:00pm. (*Id.*). The Court issued a second Notice and Order

2

that directed Rehder to appear in person at the March 14, 2024, hearing and to show cause why she should not be sanctioned for her failure to appear at the February 20, 2024, settlement conference and the March 7, 2024, hearing. (ECF 38). Rehder was cautioned in the Notice and Order that her failure to appear at the March 14, 2024, hearing could result in sanctions, up to and including dismissal of her claims. (*Id.* at 2). Rehder's counsel was again ordered to notify Rehder of the hearing via at least three modes of communication and to send the Notice and Order to Rehder. (*Id.*).

At the March 14, 2024, Rehder, however, failed to appear, and her counsel informed that he had had no contact with Rehder. (ECF 39). Accordingly, the Court indicated it would issue an order recommending dismissal of the case. (*Id.*). The settlement conference remains outstanding.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an action, in whole or part, as a sanction for failing to comply with a court order. The "ultimate sanction [of dismissal] is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Further, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, district courts have the authority to dismiss actions for failure to prosecute *sua sponte* as "an inherent power, governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted).

"The sanction of dismissal is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F.2d 465, 473 (7th Cir.1992) (citations and internal quotation marks omitted). "The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (citations omitted).

### III. DISCUSSION

Here, despite this Court's Orders requiring her presence, Rehder failed to appear telephonically at the February 20, 2024, settlement conference and the March 7, 2024, show-cause hearing and status conference, and in person at the March 14, 2024, show-cause hearing and status conference. This alone warrants sanctions under Rule 16(f)(1)(A) up to and including involuntary dismissal. *See Lucien*, 9 F.3d at 29 ("A determination that by disobeying [an order to appear at a PPTC or hearing] the plaintiff failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule 16 . . . ."). Further, the undersigned Magistrate Judge finds that Rehder's repeated failures to appear when ordered is contumacious conduct warranting dismissal of this case pursuant to Rule 41(b) and the Court's "inherent power" to

4

manage its own affairs "to achieve the orderly and expeditious disposition" of this case. *James*, 417 F.3d at 681; *see Alexander*, 321 F. App'x at 511 ("In three separate show-cause orders, the court formally warned the plaintiffs (through counsel) about the prospect of dismissal; the last of the orders elicited no response at all."); *Johnson v. Berrien Cnty. Mich.*, No. 3:19-cv-106 DRL-MGG, 2020 WL 5258261, at *1 (N.D. Ind. Sept. 3, 2020) ("After a record of repeated and unexcused noncompliance, and opportunities to be heard, the court's decision at this point is straightforward: this case is dismissed with prejudice . . . ."); *Renehan v. Soc. Sec. Admin.*, No. 1:19-cv-04643-JRS-TAB, 2020 WL 6681636, at *1 (S.D. Ind. Nov. 12, 2020) ("[T]he Court . . . finds that this matter should be dismissed without prejudice based on Plaintiff's failure to respond in any meaningful way to the two successive show cause orders requiring him to show that he had effected service on Defendants.").

Similarly, while the Seventh Circuit Court of Appeals has often required that fair notice be given to a party or its attorney before dismissal, *see Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993), the Court explicitly warned Rehder in its Notice and Order dated March 8, 2024, that her claims may be dismissed if she failed to appear at the show-cause hearing on March 14, 2024 (ECF 38). This was the second of such warnings issued to Rehder, as the Court had previously warned her in its Notice and Order dated February 21, 2024, about the potential consequences of failing to appear at a Court show-cause hearing and status conference—including dismissal of her claims against Defendants. (ECF 34); *see Am. United Life Ins. Co. v. Greer*, No. 2:13-CV-220 JVB, 2014 WL 6388613, at *2 (N.D. Ind. Nov. 14, 2014) ("In this case, 'due warning' was formalized in two Show Cause Orders, as well as in other written reminders to the defendants of their need to participate in the proceedings, and the Court finds that dismissal is warranted by Defendant Bowman's failure to comply with the Orders to Show Cause

or to otherwise participate in the proceedings . . . ."). As such, the Court has explicitly warned Rehder of the possibility of dismissal of her claims, and the undersigned sees no need to further delay the dismissal of this action.

### IV. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge *sua sponte* RECOMMENDS that Rehder's claims be DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and the Court's inherent power to manage its own affairs as a result of Rehder's failure to attend a settlement conference and two show-cause hearings, or to otherwise prosecute her case. The Clerk is directed to send a copy of this Report and Recommendation to Rehder at her last known address and to both counsel of record. Rehder's counsel is further ORDERED to send a copy of this Notice and Order to Rehder via at least two modes of communication.

NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

Entered this 26th day of March 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge